UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LINDA TREVIÑO, **Individually and on behalf of all others similarly situated**, | § § § § | |
| *Plaintiff* | § § | Civil Action No. _____ |
| v. | § § | |
| ANGEL BRIGHT HOME HEALTH, INC. | § § | JURY TRIAL DEMANDED |
| *Defendant* | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Linda Treviño brings this action individually and on behalf of all employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Angel Bright Home Health, Inc. ("Defendant" or "Angel Bright"), and were paid hourly but did not receive overtime, during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.1     This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiff and the Putative Class Members are those persons who are current and former non-exempt hourly employees of Defendant who worked for Defendant within the last three years.

1.3     Plaintiff and the Putative Class Members were (and are) paid at an hourly rate. Specifically, Defendant paid Plaintiff Treviño $9.00 per hour for all hours worked without the proper overtime premium for all hours worked in excess of forty (40) in a workweek.

1.4     Instead of paying Plaintiff and the Putative Class Members overtime for hours worked in excess of forty (40) in a workweek, Defendant would only pay the hourly rate regardless of the number of hours worked.

1.5     The decision by Defendant not to pay any overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.6     Defendant knowingly and deliberately failed to fully compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty (40) hours per workweek.

1.7     Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.[1]

1.8     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.9     Plaintiff also prays that all similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Linda Treviño ("Treviño") is an individual who resides in Nueces County, Texas. Plaintiff Treviño worked for Defendant within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Treviño did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

2.2     The Putative Class Members are those current and former employees who work (or have worked) for Defendant within the past three years and who were subjected to the same illegal pay system under which Plaintiff Treviño worked and was paid.

---

[1]     All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

[2] The written consent of Linda Treviño is attached hereto as Exhibit "A."

2.3     Defendant Angel Bright Home Health Care, Inc. ("Angel Bright") is a Texas for-profit corporation and may be served with process through its registered agent for service: **Blanche E. Fernandez, 3221 Holly Road, Corpus Christi, Texas 78415.**

### III.
### JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over Defendant because the cause of action arose within this district as a result of Defendant's conduct within this district.

3.3     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, Defendant's operations are headquartered in Corpus Christi, Nueces County, Texas and Plaintiff Treviño worked out of the Corpus Christi, Texas office throughout her employment with Defendant, all of which are located in this District and Division.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

### IV.
### FLSA COVERAGE

4.1     At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods

or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff and the Putative Class Members' employment by Defendant, they provided services for Defendant that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.7     Specifically, Plaintiff and the Putative Class Members are (or were) **_non-exempt_** employees of Defendant who regularly utilized the telephone and Internet for case management issues dealing with insurance, Medicare, and Medicaid policies, which included making, on occasion, out-of-state calls in fulfilling their job duties. *See* 29 U.S.C. § 203.

4.6     The proposed class of similarly situated employees, i.e. putative class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all employees who worked for Angel Bright Home Health Care, Inc., at any time in the last three years, and were paid an hourly rate but no overtime."

4.7     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

# V.
# FACTS

5.1     Defendant provides home health care, nursing care, physical therapy, occupational therapy, speech pathology, and other specialized services in the home health industry throughout South Texas and the Coastal Bend.[3]

5.2     To provide these services, Defendant employed (and continue to employ) numerous hourly employees, such as Plaintiff and the Putative Class Members, who take care of the patients' various medical care needs.

5.3     Plaintiff Treviño worked for Defendant from approximately March 2012 until February 2017 and was paid straight time for all hours worked. Specifically, Plaintiff Treviño was paid $9.00 for all hours worked but never received overtime for any hours worked over forty (40) hours each week.

5.4     Plaintiff Treviño's primary tasks were to provide direct in-home health services to Defendant's clients. In this capacity, Plaintiff was required to travel to her patients' homes to provide assistance with medical tasks such as ensuring that patients take their medication and facilitating daily testing and/or in-home procedures, as dictated by the patients' daily needs. Plaintiff also assists her patients in traveling to and from appointments with doctors and other care specialists.

5.5     Plaintiff and the Putative Class Members routinely work up to seven (7) days per week and typically more than sixty (60) hours each week.

5.6     Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and assignments created by Defendant. Virtually every job function was pre-determined by Defendant including the schedule of work and related work duties.

---

[3] http://angelbrighthomehealthinc.com.

5.7     Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, Plaintiff and the Putative Class Members' job functions were primarily service oriented, requiring little to no official training, much less a college education, other advanced degree, or even professional licensing.

5.8     Defendant paid (and continues to pay) Plaintiff and the Putative Class Members a flat hourly rate for the work they performed. Specifically, Defendant paid Plaintiff Treviño $9.00 per hour for all hours worked.

5.9     While the precise job duties of Plaintiff and the Putative Class Members may vary, these variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek. To the contrary, all of Defendant's hourly employees are non-exempt and entitled to overtime for all hours worked over forty (40) each week.

5.10    While an employer—like Defendant—can pay its non-exempt employees on an hourly rate basis, the employee(s) still must receive overtime pay at a rate no less than time and one-half for hours worked in excess of forty (40) in a workweek.

5.11    Defendant knows Plaintiff and the Putative Class Members work (and worked) more than forty (40) hours in a week and that they routinely work (and worked) in excess of sixty (60) or more hours in a workweek without overtime pay.

5.12    Thus, Defendant acted willfully and/or with reckless disregard of the applicable FLSA provisions by failing to properly compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty (40) during the workweek.

## VI.
## CAUSES OF ACTION

## A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

6.1 Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2 Moreover, Defendant knowingly, willfully and in reckless disregard carried out an illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3 Defendant knew or should have known its pay practices were in violation of the FLSA.

6.4 Defendant is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

6.5 Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendant to pay according to the law.

6.6 The decision and practice by Defendant to not pay overtime was neither reasonable nor in good faith.

6.7 Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## B. COLLECTIVE ACTION ALLEGATIONS

6.8 Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

6.9 Other similarly situated employees have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Putative Class Members are "all employees who worked for Angel Bright Home Health, Inc., at any time in the last three years, and were paid an hourly rate but no overtime."

6.11    Defendant's failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12    Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.13    The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14    All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are hourly non-exempt employees who are entitled to overtime after forty (40) hours in a week.

6.16    Defendant has employed a substantial number of hourly employees during the past three years.

6.17    Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Defendant will retain the proceeds of its rampant violations.

6.18    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19    Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL EMPLOYEES WHO WORKED FOR ANGEL BRIGHT HOME HEALTH, INC., AT ANY TIME IN THE LAST THREE YEARS, AND WERE PAID AN HOURLY RATE BUT NO OVERTIME**

## VII.
## RELIEF SOUGHT

7.1 Plaintiff respectfully prays for judgment against Defendant as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f. For an Order awarding Plaintiff (and those who have joined in the suit) attorney's fees;

g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding Plaintiff a service award as permitted by law;

i. For an Order compelling the accounting of the books and records of Defendant; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        **ANDERSON2X, PLLC**

By:   /s/ *Clif Alexander*
        **Clif Alexander**
        Federal I.D. No. 1138436
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Austin W. Anderson**
        Federal I.D. No. 777114
        Texas Bar No. 24045189
        austin@a2xlwaw.com
        **Lauren E. Braddy**
        Federal I.D. No. 1122168
        Texas Bar No. 24071993
        lauren@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        **ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**