United States District Court
Southern District of Texas

**ENTERED**

December 06, 2017

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| LINDA  TREVINO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:17-CV-00262 |
| | § | |
| ANGEL BRIGHT HOME HEALTH, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Parties' December 1, 2017, Joint Motion for Confidential Approval of Settlement Agreement and Dismissal with Prejudice. Dkt. No. 12. The Court grants the motion.

### I.      Background

On July 27, 2017, Plaintiff brought this putative collective action on behalf of herself and all similarly situated individuals against Defendant pursuant to the Fair Labor Standards Act ("FLSA"). Dkt. No. 1. Plaintiff alleged that—from March 2012 to February 2017—Plaintiff provided "home health care, nursing care, physical therapy, occupation therapy, speech pathology, and other specialized services in the home health industry throughout South Texas and the Coastal Bend" as an employee for Defendant. *Id.* ¶¶ 5.1, 5.3. Plaintiff claimed that Defendant failed to pay her and the putative collective overtime for hours worked in excess of forty (40) hours in a workweek in violation of the FLSA. Plaintiff sought "overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times [her and the putative collective's] regular rate of pay, plus liquidated damages, attorneys' fees and costs." *Id.* ¶ 6.7.

On August 22, 2017, Defendant filed an answer denying all allegations in Plaintiff's complaint. Dkt. No. 7 ¶ 2.2. On October 25, 2017, Plaintiff filed a notice of settlement. Dkt. No. 8. On December 1, 2017, Parties filed a (1) proposed settlement

agreement signed by Parties on November 14, 2017, Dkt. No. 11; (2) Joint Motion to Seal Settlement Agreement, Dkt. No. 10; and (3) Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice which asks that the Court "confidentially approve the Parties' Confidential Settlement and Release Agreement as expressed therein . . . and dismiss this lawsuit with Prejudice in a public filing," Dkt. No. 12. A collective was never certified in this case and the proposed agreement settles Plaintiff's claims only. Dkt. No. 11.

Parties' motion for approval states that the settlement agreement is "fair and reasonable because significant uncertainty exists with respect to the facts and the legal standards that will be used, in particular regarding whether Plaintiff was at all times exempt from the overtime rule by [Department of Labor] regulation and Supreme Court precedent, was paid for all hours worked and, if so, at the appropriate rate." Dkt. No. 12 ¶ 11.

On December 4, 2017, the Court granted the motion to seal. Dkt. No. 13. Remaining is Parties' motion for approval. Dkt. No. 12.

## II.    Legal Standard

### A.    Unsupervised Settlement Agreements

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . ." 29 U.S.C. § 216(b).

"The general rule establishes that FLSA claims . . . cannot be waived." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–08 (1945). Accordingly, "many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited." *Id.* (collecting cases). However, in *Martin, v. Spring Break Productions, L.L.C.*, the Fifth Circuit has carved out an exception to the rule. 688 F.3d 247, 255 (5th Cir. 2012); *see also Bodle*, 788 F.3d at 164 (citing *Martin*, 688 F.3d at 255). The *Martin* court determined that settlements do not require Department of Labor or court approval when reached due to a bona

fide FLSA dispute over hours worked or compensation owed. *Martin*, 688 F.3d at 255. The *Martin* court reasoned that such settlements do not undermine the purpose of the FLSA because "plaintiffs did not waive their claims through some sort of bargain but instead received compensation for the disputed hours." *Bodle*, 788 F.3d at 165 (citing *Martin*, 688 F.3d at 257).

In *Bodle*, the Fifth Circuit concluded that the *Martin* exception does not apply when the parties "never discussed overtime compensation or the FLSA in their settlement negotiations." *Id.* The *Bodle* court elaborated, "Under these circumstances where overtime pay was never specifically negotiated, there is no guarantee that the plaintiffs have been or will be compensated for the overtime wages they are allegedly due under the Act." *Id.* The *Bodle* court does not specify what level of detail settlement discussions of overtime compensation or the FLSA must entail, but suggested that the parties should engage in "factual development of the number of unpaid overtime hours" or of "compensation due for unpaid overtime." *Id.*

### B.   Supervised Settlement Agreements

Because settlement agreements may compromise FLSA claims, the Court may approve those agreements that reflect "a reasonable compromise over issues." *Ruiz v. GVMS, Inc.*, H-08-1692, 2009 WL 3157349 (S.D. Tex. Sept. 25, 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

### III.   Analysis

Parties' settlement agreement does not require court approval. Parties state that they settled because significant uncertainty exists with respect to the facts—in particular, whether Plaintiff was at all times exempt from the overtime rule, paid for all hours worked, and paid at the appropriate rate. Dkt. No. 12. Thus, unlike in *Bodle*, Parties discussed both overtime compensation and the FLSA in reaching their agreement. *See Bodle*, 788 F.3d at 165. Thus, the agreement will provide Plaintiff with compensation for the disputed FLSA claim. *See Martin*, 688 F.3d at 257.

Nonetheless, Parties' settlement agreement is contingent upon Court approval. Dkt. No. 11 ¶¶ 4(a), (e). There are genuine disputes over whether the FLSA applies to Plaintiff and the amount, if any, of overtime pay due. Dkt. No. 12. The Court has reviewed the settlement agreement and **FINDS** the amount to be paid to Plaintiff and the amount of attorneys' fees provided for in the agreement are fair and reasonable. This Court **APPROVES** the proposed agreement as a fair and reasonable compromise of a bona fide dispute under the FLSA. The motion for approval is therefore **GRANTED**. Accordingly, the Court **DISMISSES WITH PREJUDICE** this case. Although Parties request that the Court issue this Order under seal, the Court will not do so because the Order contains public information only. The Court will enter final judgment by separate order.

## IV.    Conclusion

In sum, the Court **GRANTS** the motion for approval. Dkt. No. 12.

SIGNED this 5th day of December, 2017.

_____
Hilda Tagle
Senior United States District Judge